UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICHOLAS MILLER                                                    CIVIL ACTION

VERSUS                                                             NO. 22-215

COX OPERATING, L.L.C., ET AL.                                      SECTION: T(2)

# ORDER

Before the Court is a *Motion to Transfer Venue* filed by Plaintiff, Nicholas Miller.[1] Defendant, Cox Operating, LLC, filed an opposition[2] with which Defendants, Industrial & Oilfield Services, Inc. and Ermine Miller, joined.[3] Defendant, Cactus Wellhead, LLC, also filed an opposition.[4] Defendants, Crosby Energy Services, Inc. and The Quality Companies, LLC did not file any opposition. With leave of Court, Plaintiff filed a reply in support of his motion.[5]

Having considered the motion, memoranda in opposition and support, the applicable law, and the record, the Court finds the Motion should be granted for the reasons set forth below.

# FACTUAL BACKGROUND

This matter arises from an incident on or about April 13, 2021, on South Timbalier 26-D, a fixed platform owned and operated by Cox Operating, LLC in the Gulf of Mexico, wherein Plaintiff alleges a storage locker fell on him and caused injuries.[6] Plaintiff filed suit on February 1, 2022, against Cox Operating, LLC under the Outer Continental Shelf Lands Act ("OCSLA"), admiralty and general maritime law, as well as Louisiana tort causes of action on February 1,

---

[1] R. Doc. 74.
[2] R. Doc. 83.
[3] R. Doc. 84.
[4] R. Doc. 85.
[5] R. Doc. 90.
[6] R. Doc. 1.

1

2022.[7] At that time, Plaintiff was domiciled in LaSalle Parish, Louisiana, but he has since relocated to Arkansas.[8] On May 16, 2022, Plaintiff amended his Complaint, adding defendants Crosby Energy Services, Inc., The Quality Companies, LLC, Cactus Wellhead, LLC, Industrial & Oilfield Services, Inc., and Ermine Miller.[9] Plaintiff now moves to transfer venue from this Court to the United States District Court for the Western District of Louisiana, Lafayette Division,[10] alleging the transferee venue is appropriate under the OCSLA and is a more convenient forum. The opposing defendants raise a number of arguments, which are addressed below.

## LAW AND ANALYSIS

The Court "for the convenience of parties and witnesses, in the interest of justice, may transfer any civil action to any other district or division where it might have been brought."[11] The threshold question of whether the action could have been originally brought in the transferee district must be addressed before the Court may address the question of convenience.[12]

This Court has jurisdiction over the instant matter by virtue of the OCSLA and general maritime and admiralty law.[13] The venue in which to bring an OCSLA claim is proper "in the judicial district in which any defendant resides or may be found, or in the judicial district in the state nearest the place the cause of action arose."[14] There is no question that the cause of action arose within the Eastern District of Louisiana. The pertinent issue at this juncture of analysis is whether this case could have been brought in another district by way of residence of any defendant.

---

[7] *Id*.
[8] R. Docs. 1, 74.
[9] R. Doc. 18.
[10] R. Doc. 74.
[11] 28 U.S.C. § 1404(a).
[12] *Lasalle Marine Servs. v. Apache Corp.*, 1994 WL 180116, at *1 (E.D. La. May 4, 1994) (citing 15 Charles A. Write et al., *Federal Practice and Procedure* § 3845, at 341 noting § 1404 "bars transfer to a district or division that would not have been a proper venue in the first instance.").
[13] 43 U.S.C. § 1349(b)(1).
[14] *Id*.

2

Under the general venue statute, "an entity with the capacity to sue or be sued . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."[15] There is no dispute as to this issue, and based on the record before the Court it is clear that at least four of the defendants in this suit reside in the Western District of Louisiana. Instead, several defendants argue that because only Cox Operating, LLC was named in the original complaint in this matter,[16] only the residence of Cox Operating, LLC is relevant to the Court's inquiry for appropriateness of venue in the transferee venue. This argument is misplaced. While it is true only Cox Operating, LLC was originally named in this suit, at the time of the original Complaint all defendants could have been sued if the Plaintiff had had knowledge of their involvement. Moreover, and more relevant to this analysis, the record reflects that, at the time of the filing of the instant motion, several of the named defendants resided in the Western District.

In general maritime cases and admiralty cases, venue and personal jurisdiction analyses merge.[17] A court "sitting in admiralty has personal jurisdiction over any defendant sued in personam whom the court can reach with process."[18] As discussed above, the Western District is an appropriate venue and may exercise personal jurisdiction over the defendants who reside within it. Therefore, the Court finds the Western District is an appropriate venue under the OCSLA and general maritime and admiralty law.[19]

Having found that the transferee venue is an appropriate venue under the OCSLA and general maritime cases, the Court will evaluate the merits of the motion to transfer pursuant to 28

---

[15] 28 U.S.C. § 1391(c)(2).
[16] R. Doc. 1.
[17] *In re McDonnell-Douglas Corp.*, 647 F.2d 515 (5th Cir. 1981).
[18] *Id*. at 516 (quoting *H&F Barge Co. v. Garber Bros.*, 65 F.R.D. 399, 404 (E.D. La. 1974)).
[19] *See In re McDonnell-Douglas Corp.*, *supra* (holding that § 1404(a) applies to maritime cases).

U.S.C. § 1404.[20] In assessing a motion to transfer under 28 U.S.C. §1404, the Court must determine whether the transferee venue is "clearly more convenient" than the current venue.[21] In this determination, courts may weigh private and public interest factors.[22] Private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.[23] The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.[24] No single factor is dispositive; all factors must be weighed together.[25] When the movant can demonstrate that transfer is clearly more convenient, the good cause standard is met and "the district court should therefore grant the transfer."[26]

The Court is persuaded that the private interest factors favor transfer.[27] While the digital age makes discovery and production of sources of proof less cumbersome than in the past, the "distance between the current location of the evidence and the trial venue" is helpful in determining the relative ease and access to proof at trial.[28] Based on the record, the majority of parties reside

---

[20] *See Devon Energy Prod. Co., L.P. v. GlobalSantaFe South Am.*, 2007 WL 1341451, at *3-*4 (S.D. Tex. May 4, 2007).
[21] *In re: Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) (en banc).
[22] *Id*. at 315.
[23] *Id*.
[24] *Id*.
[25] *Id.*
[26] *Id.*
[27] The arguments of defendants regarding alleged manipulation of witnesses and medical treatment selection have no place in this analysis. The Court's analysis addresses the facts pertaining to the transfer, only, not alleged impropriety or manipulation. Moreover, despite arguments that Plaintiff did not provide enough specificity with regard to the proposed witnesses and their expected testimony, the Plaintiff need only give a general statement of what their testimony will include, not specific testimony of each fact witness. *See U.S. United Ocean Servs., LLC v. Powerhouse Diesel Servs., Inc.*, 932 F. Supp. 2d 717, 729 (E.D. La. 2013).
[28] *SP Plus Corp. v. IPT, LLC*, 2016 WL 9280320, at *7 (E.D. La. Dec. 12, 2016).

and maintain documents and records closer to or within the Western District of Louisiana. All treating physicians are located within the Western District of Louisiana, with the exception of a physical therapist and home health provider in Arkansas. Even so, the Western District is closer to those witnesses than the Eastern District. Therefore, most if not all evidence regarding medical treatment will be found within the Western District.[29] The proximity of these witnesses and the parties to the Western District favors transfer. The Western District has subpoena power over three of Plaintiff's retained experts, while the Eastern District only has such power over one. At least half of the identified fact witnesses reside within the Western District. The location of the aforementioned witnesses also favors transfer, in that their proximity promotes efficiency and flexibility in the trial process.[30]

Public interest factors similarly favor transfer. There is no showing that administrative difficulties would arise due to court congestion if transferred. Moreover, the Western District is familiar with the applicable law in this case and there is not an issue of conflict of laws or foreign law to consider in this matter. The local interest factor does not weigh in either venue's favor. While it is true that the event giving rise to this action occurred within the Eastern District, several of the parties are local to the Western District. Any outcome of this matter would involve local interests in the Western District as well.

Weighing all factors together, this Court is persuaded that transfer to the Western District should be granted as a matter of federal law.

---

[29] *See Sashington v. Georgia-Pac LLC*, 2017 WL 1364857 (E.D. La. Apr. 12, 2017).
[30] *See U.S. Equal Employment Opportunity Comm'n v. Am. Screening, LLC*, 2022 WL 2177483, at *4 (E.D. La. June 15, 2022).

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the *Motion to Transfer Venue* is **GRANTED** and this matter is transferred to the United States District Court for the Western District of Louisiana, Lafayette Division, for future consideration.

New Orleans, Louisiana, this 1st day of May, 2023.

  Hon. Greg Gerard Guidry
  United States District Judge